## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **BAUTISTA RODRIGUEZ RIJO,** )<br>                    Petitioner, )<br>                             )<br>          v.                 )<br>                             )<br>**UNITED STATES OF AMERICA,** )<br>                    Respondent. )<br>_____ ) | **D.C. CV. NO. 2007-125**<br><br>Ref. D.C. CR. NO. 2001-298 |

**Copies to:**
    Magistrate Geoffrey W. Barnard
    Major R. Coleman, AUSA
    Gwendolyn R. Wilds, Esq.
    Bautista Rodriguez Rijo, #06500-094, Federal Medical Center
        Lexington, P.O. Box 14500, Lexington, KY 40512 (Please
        Mark: "LEGAL MAIL: OPEN IN PRESENCE OF INMATE")

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Bautista Rodriguez Rijo's ("Rijo" or "Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and the Government's response in opposition thereto. An evidentiary hearing was not needed to develop facts. *See* Rules Governing Section 2255 Proceedings, Rule 8; *United States V. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991). For the reasons stated, the instant motion will be denied.

### I. FACTS AND PROCEDURAL HISTORY

Inasmuch as this opinion is written for the parties who are familiar with the facts, the Court will not set forth the background of this case at length. In October 2001, Rijo was

charged in a three-count indictment with conspiracy to possess with
intent to distribute five (5) kilograms or more of cocaine in
violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and 846;
conspiracy to import into the United States five (5) kilograms or
more of cocaine in violation of 21 U.S.C. §§ 952(a),
960(b)(1)(B)(ii), and 963; and conspiracy to possess with intent to
distribute five (5) kilograms or more of cocaine on board a vessel
that was subject to the jurisdiction of the United States in
violation of 46 U.S.C. § 1903 and 18 U.S.C. § 371. After a jury
trial, Rijo was found guilty on all counts and was sentenced to a
term of 292 months incarceration. Rijo's sentence was based in
part on a two-point enhancement under United States Sentencing
Guidelines ("USSG" or "Guidelines") § 3B1.3 for use of a "special
skill," namely piloting the Second Vessel, in committing the
offense. Rijo appealed.

On appeal to the Court of Appeals for the Third Circuit
("Court of Appeals"), Rijo argued: (1) that the District Court
committed reversible error in allowing one of the government's
witnesses to testify concerning a previous drug seizure from the
vessel he was piloting; (2) that the District Court improperly
applied a two-point enhancement under USSG 3B1.3 for use of a
"special skill" in operating the Second Vessel, because he did not
operate that vessel, and as alternative argument, Rijo alleged that

he did not use any special skill in operating that vessel; and

lastly (3) that his sentence was unreasonable under *United States*

*v. Booker*, 543 U.S. 220 (2005), because the District Court failed

to address his request for a reduced sentence based on his lack of

prior criminal history, and failed to adequately consider the

sentencing factors set forth in 18 U.S.C. § 3553(a). The Court of

Appeals rejected Rijo's arguments and affirmed his conviction and

sentence on grounds that: (1) any error in admission of evidence of

an unrelated seizure on the same "go-fast vessel" one year prior,

which Rijo was not involved in, was harmless; (2) a two-point

adjustment to Rijo's sentence based on his use of a "special skill"

in operating the go-fast vessel was supported by evidence; and (3)

Rijo's sentence of 292 months was reasonable. *United States v.*

*Rodriguez-Rijo*, 231 Fed. Appx. 185 (3d Cir. 2007). Rijo filed this

timely motion pursuant to 28 U.S.C. § 2255 on October 3, 2007.


## II. DISCUSSION

### A.   Issues

In the instant motion pursuant to 28 U.S.C. § 2255, Rijo

alleges: (1) ineffective assistance of counsel at trial and during

sentencing; (2) that this Court erred in admitting evidence that

was unrelated to his case, and unrelated to him; and (3) that his

sentence was unreasonable and the enhancement for his "special

skill" in operating the vessel was unsupported.

**B.   Standards of Review**

A § 2255 motion is "the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). It is well-established that "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal citations omitted); *United States v. Frady*, 456 U.S. 152, 165 (1982); *Gov't of the Virgin Islands v. Nicholas*, 759 F.2d 1073, 1074-75 (3d Cir. 1985). "*[N]onconstitutional* claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976) (emphasis added).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' for the failure to comply with the procedural requirement and that actual 'prejudice' would result from the alleged constitutional violation, or that he is 'actually innocent.'" *Bousley*, 523 U.S. at 622 (internal citations omitted); *see also Jenkins v. United States*, 333 F.3d 151, 155 (3d Cir. 2003); *United States v. Sanders*, 165 F.3d 248, 250 (3d Cir. 1999).

"The cause standard requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts to raise the claim." *McCleskey v. Zant,* 499 U.S. 467, 493 (1991) (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)). While constitutionally ineffective assistance of counsel is "cause," attorney error short of ineffective assistance of counsel does not constitute cause and will not excuse a procedural default. *McCleskey*, 499 U.S. at 494 (citations omitted). Prejudice requires a showing that the alleged error "so infected the entire trial that the resulting conviction violates due process." *Frady*, 456 U.S. at 168-69 (citations omitted). In the absence of cause, the Court need not proceed to address the issue of prejudice. *See Murray*, 477 U.S. at 533. Nonetheless, the Court is cognizant of the fact that even absent a showing of cause for the procedural default, a writ of habeas corpus may be granted where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 538. A claim of "actual innocence" refers to factual innocence, not innocence based on a legal, procedural defect, and requires a defendant to establish that "in light of all the evidence . . . it is more likely than not that no reasonable juror would have convicted him." *See Bousley*, 523 U.S. at 623 (internal citation omitted). The "claim of actual innocence is not itself a constitutional claim, but instead a gateway through

which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

There is no procedural default for failure to raise an ineffective assistance claim on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503-04 (2003); *United States v. Jake*, 281 F.3d 123, 132 n.7 (3d Cir. 2002) (noting that Sixth Amendment claims of ineffective assistance of counsel should be raised in a collateral proceeding pursuant to § 2255 rather than on direct appeal). Claims of ineffective assistance of counsel must satisfy the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that, considering the facts of the case, his counsel's challenged actions were unreasonable. *Id.* at 690. Second, the petitioner must show that he was prejudiced by counsel's conduct in that there is a "reasonable probability" that deficient assistance of counsel affected the outcome of the proceeding at issue. *Id.* at 694-95.

**C.  Defense counsel did not provide ineffective assistance in failing to prevent evidence of a prior unrelated seizure of drugs on the Second "go-fast vessel" from entering the record in Rijo's case.**

On direct appeal, Rijo argued that the District Court committed reversible error in allowing the government's witnesses to testify regarding the previous drug seizure from the Second

Vessel. Because counsel had not objected to the challenged

testimony at trial, the Court of Appeals reviewed the issue for

plain error[1] and found as follows:

> Even assuming that admission of the challenged testimony
> was clearly erroneous, which the government appears to
> concede for the sake of argument, we agree with the
> government that Rijo has failed to make a sufficient
> showing of prejudice to warrant relief from his
> conviction on this basis. Putting aside the past use of
> the Second Vessel by other drug traffickers, there
> remains a vast array of evidence that far more
> persuasively links both Rodriguez-Rijo and the Second
> Vessel to the present drug conspiracy, as recounted in
> detail above. In short, we have no doubt that any error
> in admitting the challenged testimony did not affect the
> outcome of this case.

*Rodriguez-Rijo*, 231 Fed. Appx. at 188.

In the instant § 2255 motion, Rijo frames the same argument

in the context of an ineffective assistance of counsel claim.

Rijo argues that defense counsel failed to take sufficient

measures to prevent illegal, inadmissible, and prejudicial

evidence from entering the record, namely testimony by the

government's witness, DEA Special Agent Mark McHugh ("McHugh"),

that the Second Vessel was used in a prior unrelated cocaine

shipment.

In light of the two-part test enunciated in *Strickland,* Rijo

---

[1] Under plain error review, "[t]he defendant must show not only that error affected the outcome of the trial, but that the error was clear or obvious under current law. If these requirements are met, we *may* reverse, if the error seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Rivas,* 479 F.3d 259, 263 (3d Cir. 2007) (emphasis in original) (citations omitted).

must show that, considering the facts of the case, his counsel's challenged actions were unreasonable. *Id.* at 690. The Court is mindful that it must review Rijo's claim under the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance;" that is, Rijo must overcome the "presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *See id.* at 688. Therefore, even if the Court were to assume for the sake of argument that trial counsel's conduct in failing to challenge the witness' testimony was unreasonable, Rijo must then show that he was prejudiced by counsel's conduct in that there is a "reasonable probability" that deficient assistance of counsel affected the outcome of the proceeding at issue. *Id.* at 694-95. This, he has not done.

Here, the evidence of Rijo's guilt was substantial, and as the Court of Appeals' factual recitation highlighted, the "vast array of evidence" persuasively linked both Rijo and the Second Vessel to the present drug conspiracy. *Rodriguez-Rijo*, 231 Fed. Appx. at 186-88. Therefore, Rijo has not met the prejudice prong of *Strickland* and the Court finds no "reasonable probability" that the deficient assistance of counsel affected the outcome of the trial. This argument fails.

**D.  Rijo's counsel did not provide ineffective assistance at sentencing.**

As the Court of Appeals noted, the record reflects that Rijo admitted to McHugh that he piloted the Second Vessel; he operated that vessel at high speed in the darkness of night without navigation lights to a predetermined location in the open ocean; once detected, he sped away to elude authorities; and he received substantial compensation for his role. *Rodriguez-Rijo*, 231 Fed. Appx. at 188-89. Rijo's Presentence Report ("PSR") reflected an advisory Guideline range of 292 to 365 months based on a total offense level of 40 and a criminal history category of I. Rijo was sentenced after the United States Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005) to a term of 292 months imprisonment, which was based in part on a two-point "special skill" enhancement.

The purpose of a "special skill" sentence enhancement is "to add to the punishment of those who turn legitimate special skills to the perpetration of evil deeds." *United States v. Bond*, 581 F.3d 128, 140 (3d Cir. 2009) (citations omitted); USSG § 3B1.3. A "sentencing court is required to make two findings before imposing an upward adjustment for use of a special skill: (1) the defendant possesses a special skill; and (2) . . . used it to significantly facilitate the commission or concealment of the offense." *Id*. (quoting *United States v. Batista De La Cruz*, 460 F.3d 466, 468 (3d Cir. 2006)). This sentence enhancement "is not

limited to persons who have received substantial formal education,

training from experts, or who have been licensed to perform a

special skill." *Bond*, 581 F.3d at 140 (quoting *United States v.*

*Urban*, 140 F.3d 229, 236 (3d Cir. 1998)).

While before the Court of Appeals, Rijo argued that his

sentence was unreasonable because this Court failed to address his

request for a reduced sentence based on his lack of prior criminal

history and did not adequately consider the sentencing factors set

forth in 18 U.S.C. § 3553(a). The Court of Appeals construed

Rijo's sentencing argument as a request for a "variance" under §

3553(a) and found:

> Although the District Court did not expressly reference
> the individual sentencing factors of § 3553(a) in the
> course of imposing sentence on Rodriguez-Rijo, the
> Court's sentencing analysis is nevertheless "consistent
> with the relevant provisions of § 3553(a)," which is all
> our *post-Booker* precedent requires. It is clear from
> the record that the District Court found a prison
> sentence of 292 months to be appropriate based not only
> on its consideration of the applicable advisory
> Guidelines range, which the District Court properly
> acknowledged to be "advisory" in nature, but also in
> light of the serious nature of the drug conspiracy and
> Rodriguez-Rijo's extensive involvement therein, and the
> pressing need to promote respect for the law, provide
> just punishment, and protect the public from such
> crimes. The District Court was also careful to explain
> that the minor disparity between Rodriguez-Rijo's
> sentence and the lesser sentence imposed upon co-
> defendant Rodriguez-Sanchez was warranted in view of
> their respective roles in the drug smuggling plan.
> Furthermore, we can readily infer from the District
> Court's reasoned analysis that it did not believe
> Rodriguez-Rijo's lack of prior criminal history, which
> was expressly considered in computing the advisory

> Guidelines range, supported a reduced sentence when
> weighed against the other relevant § 3553(a) factors
> discussed above. In short, we conclude that the
> sentencing procedure employed by the District Court here
> was reasonable under *Booker*.

*Rodriguez-Rijo*, 231 Fed Appx. at 190-91 (internal citation

omitted). Rijo now raises these issues in the context of an

ineffective assistance of counsel claim. He alleges that at

sentencing, his counsel failed to insure that he was fully

sentenced in accordance with § 3553(a) and *Booker*; failed to

properly challenge the drug type or quantity; failed to object to

the "special skill" enhancement; and generally failed to protect

his Fifth and Sixth Amendment constitutional rights. (Rijo's Mem.

of Law at 25, 35.) He further argues that counsel failed to

properly litigate the PSR or insure that the sentence was

supported by the jury's verdict or his admissions. (*Id*. at 29.)

The government counters that Rijo's claims of ineffective

assistance lack specificity, and are speculative and conclusory.

(Govt. Resp. at 3.) The government further contends that Rijo's

claims, while couched in terms of an ineffective assistance of

counsel issue, are in fact challenges to the technical application

of the Guidelines, which is not a cognizable ground for a § 2255

motion. (*Id*. at 4.)

The Court of Appeals has previously addressed Rijo's 3553(a)

and *Booker* issues and found no error in sentencing. Therefore,

this § 2255 motion is not the vehicle within which to relitigate issues decided adversely to Rijo on direct appeal, or any other issues that could have been raised on direct appeal. *See, e.g., White v. United States*, No. 2003-168, 2009 WL 1174512, at *1 (D.V.I. May 1, 2009). Section 2255 serves only to protect a petitioner from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred. *See Reed v. Farley,* 512 U.S. 339, 348 (1994).

With regard to Rijo's ineffective assistance of counsel argument, the Court is mindful that a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. At sentencing, Rijo's counsel argued for a reduced sentence on grounds that this was Rijo's first conviction. The government argued, on the other hand, that Rijo had acted as the captain and was more culpable than the other conspirators on the vessel.

The Court considered both arguments as well as the advisory Guidelines and sentenced Rijo to the lowest end of the Guidelines range. Having duly examined the record, the Court simply cannot find that counsel performed in an objectively unreasonable manner.

This Court will not declare counsel ineffective for failing to obtain a sentence below the lowest advisory sentence, particularly where there was vast evidence to substantiate Rijo's special skill as the captain of the Second Vessel. Having failed to satisfy the first prong of *Strickland*, the Court need not proceed to the second prong.

**III. CONCLUSION**

For the reasons stated, the Court will deny Petitioner Rijo's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. An appropriate order follows.

**DATED** this <u>14</u> day of April 2010.

**E N T E R:**

/s/ Raymond L. Finch
_____
**RAYMOND L. FINCH**
**SENIOR DISTRICT JUDGE**
